UNITED STATES OF AMERICA
DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
OFFICE OF HEARINGS AND APPEALS

In the Matter of:

APEX CHICAGO IL, LLC, and
INTEGRA AFFORDABLE MANAGEMENT, LLC,

Respondents.

22-AF-0111-CM-005

March 28, 2022

**ORDER OF DISMISSAL**

On February 15, 2022, the U.S. Department of Housing and Urban Development ("HUD") issued a *Complaint for Civil Money Penalties* ("Complaint"), which was simultaneously filed with this Court, seeking to impose $702,226.75 in civil money penalties against Apex Chicago IL, LLC ("Apex Chicago") and Integra Affordable Management, LLC ("Integra") (collectively, the "Respondents") pursuant to 42 U.S.C. § 1437z-1 as implemented by 24 C.F.R. part 30.

Apex Chicago is the owner of record of Ellis Lakeview Apartments ("the Project"), a multifamily property in Chicago, Illinois that receives project-based assistance from HUD under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, pursuant to a Housing Assistance Payments ("HAP") contract. Integra is an identity-of-interest management agent for the Project. The *Complaint* accuses Respondents of violating Apex Chicago's HAP contract by failing to provide housing that is decent, safe, sanitary, and in good repair. If true, Respondent is thereby subject to civil money penalties under 42 U.S.C. § 1437z-1 as implemented by 24 C.F.R. part 30.

HUD now asks the Court to dismiss this matter due to Respondent's failure to timely file a hearing request. Respondents have not filed any opposition to the motion to dismiss or otherwise appeared in this matter. After careful consideration, the Court will dismiss this matter for lack of jurisdiction, for the reasons discussed below.

## I. APPLICABLE LAW

Section 29(b) of the United States Housing Act permits HUD to impose civil money penalties on any property owner and any identity-of-interest management agent receiving project-based Section 8 assistance who violates a HAP contract with HUD, which Respondents are accused of doing in this case. See 42 U.S.C. § 1437z-1(b). Before imposing such penalties, HUD must give the liable parties notice and an opportunity for a hearing on the record. Id. § 1437z-1(c)(1)(B). Congress directed the Secretary of HUD to establish standards and

procedures governing the imposition of civil money penalties and providing the opportunity for a hearing on the record. Id. § 1437z-1(c)(1). The Secretary has duly promulgated such regulations in part 30 of title 24 of the Code of Federal Regulations. See 24 C.F.R. part 30.

HUD's regulations implementing Section 29 provide that, upon making a determination to seek a civil money penalty, HUD must issue a complaint notifying the respondents of HUD's determination and of the respondent's "right to submit a response in writing, within 15 days of receipt of the complaint, requesting a hearing on any material fact in the complaint, or on the appropriateness of the penalty sought." 24 C.F.R. § 30.85(b)(4). The hearing request must be submitted to this Court. Id. § 30.90(a). The regulations characterize the 15-day deadline to request a hearing as mandatory, stating that the deadline is "required by statute" and "cannot be extended." Id. Indeed, Section 29(c) of the United States Housing Act mandates:

> If a hearing is not requested before the expiration of the 15-day period beginning on the date on which the notice of opportunity for hearing is received, the imposition of a penalty under subsection (b) shall constitute a final and unappealable determination.

42 U.S.C. § 1437z-1(c)(2)(A).

## I. PROCEDURAL HISTORY

On February 15, 2022, HUD served the *Complaint* in this matter on Respondents via email and simultaneously filed it with this Court. Hard copies of the *Complaint* were also delivered by UPS to Respondent Apex Chicago by February 16, 2022 and Respondent Integra on February 17, 2022. The *Complaint* notified Respondents of the right to request a hearing no later than 15 days following receipt of the *Complaint*, *i.e.*, by March 2, 2022, and to file an answer to the *Complaint* within 30 days, *i.e.*, by March 17, 2022, in accordance with 24 C.F.R. § 30.90. The *Complaint* also warned Respondents that failure to respond might result in imposition of the penalty in the amount sought by HUD. The 15 and 30-day deadlines elapsed without this Court receiving any hearing request, answer, or other correspondence from Respondents.

On March 16, 2022, HUD served the *Motion to Dismiss for Lack of Jurisdiction* ("Motion") on Respondents by email and simultaneously filed it with this Court. HUD argues that because of the expiration of the time period to request a hearing, this Court no longer has jurisdiction over this matter. Respondents have not filed any opposition to the *Motion*.

## II. DISCUSSION

Pursuant to Section 29 of the United States Housing Act and HUD's implementing regulations, the deadline for Respondents to request a hearing in this matter was March 2, 2022, fifteen days after receiving the *Complaint* providing notice of opportunity for a hearing. See 42 U.S.C. § 1437z-1(c)(2)(A); 24 C.F.R. § 30.90(a). The appropriate course of action when a respondent misses the 15-day deadline in a civil money penalty case is to dismiss any proceedings before the ALJ because the penalty proposed in the complaint has already become

final under 42 U.S.C. § 1437z-1(c)(2)(A) and the Court lacks authority to adjudicate the matter. See *In re* Ralston GA LLC and PF Holdings LLC, No. 21-JM-0180-CM-007 (HUDALJ October 25, 2021) (order) and *In re* PF Sunset Plaza LLC, No. 21-AF-0131-CM-006 (HUDALJ October 7, 2021) (order). Respondents were presented with notice of the opportunity for a hearing but failed to comply with the statutory deadline to request a hearing. As such, the penalty proposed in the *Complaint* became final under § 1437z-1(c)(2)(A) as to both Apex Chicago and Integra.

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court concludes that the penalty proposed in the *Complaint* has already become final under 12 U.S.C. § 1735f-14(c)(2) and that the Court lacks authority to adjudicate this matter.[1] Accordingly, this proceeding is hereby **DISMISSED**.

So **ORDERED**,

ALEXANDER FERNANDEZ-PONS

Digitally signed by: ALEXANDER FERNANDEZ-PONS
DN: CN = ALEXANDER FERNANDEZ-PONS email = ALEXANDER.FERNANDEZ-PONS@HUD.GOV C = AD O = OFFICE OF THE SECRETARY OU = OHA
Date: 2022.03.29 11:32:24 -04'00'

Alexander Fernández-Pons
Administrative Law Judge

[1] As the penalty proposed in the *Complaint* has been declared the final agency action, this matter may be appealed within 20 days to the appropriate court of appeals of the United States in accordance with 12 U.S.C. § 1735f-14(d).

**CERTIFICATE OF SERVICE**

I hereby certify that copies of the foregoing **ORDER OF DISMISSAL** issued by Alexander Fernandez-Pons, Administrative Law Judge, in HUDOHA 22-AF-0111-CM-005 were sent to the following parties on this 28th day of March 2022, in the manner indicated:

Iamanadette Jones, Staff Assistant
HUD Office of Hearings and Appeals

**VIA E-MAIL**

Apex Waukegan, LLC
c/o Oron Zarum
2365 Nostrand Avenue
Brooklyn, NY 11210
naomi@pfholdingsllc.com

Stephanie Jones
Figliulo & Silverman
Ten South LaSalle Street
Suite 3600
Chicago, IL 60603
sjones@fslegal.com

Integra Affordable Management, LLC
c/o Jennifer Alvarez
3555 W. Peterson Avenue
Suite 303
Chicago, IL 60659
jalvarez@integraaffordable.com

Shahrzad Nikoo, Esq.
Dan Stark, Esq.
Jennifer Grim, Esq.
Adam E. Cearley, Esq.
Government Counsel
U.S. Dept. of Housing and Urban Development
1250 Maryland Avenue, SW
Suite 200
Washington, DC 20024

Officials

shahrzad.nikoo@hud.gov
daniel.g.stark@hud.gov
jennifer.m.grim@hud.gov
adam.e.cearley@hud.gov

Nilda M. Gallegos
Enforcement Docket Clerk
HUD Office of General Counsel
Office of Program Enforcement
1250 Maryland Ave., SW, Suite 200
Washington, DC 20024
nilda.m.gallegos@hud.gov