```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
THE UNITED STATES OF AMERICA,            :
                                         :       REPORT AND RECOMMENDATION
                        Plaintiff,       :
                                         :       23-CV-2454 (NRM)(PK)
                                         :
         -against-                       :
                                         :
APEX CHICAGO IL., L.L.C. and INTEGRA     :
AFFORDABLE MANAGEMENT, L.L.C.,           :
                                         :
                        Defendants.      :
-----------------------------------------------------------:
                                                 x
```

**Peggy Kuo, United States Magistrate Judge:**

The United States of America ("Plaintiff") brought this action on behalf of its agencies, the United States Department of Housing and Urban Development ("HUD") and the United States Department of the Treasury ("Treasury"), against Apex Chicago IL., L.L.C and Integra Affordable Management, L.L.C. ("Defendants"), to enforce collection of a debt of $702,266.75 pursuant to the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001(a)(2). (*See* Compl., Dkt. 1.) Before me on referral for a report and recommendation from the Honorable Nina R. Morrison is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). (Motion for Default Judgment ("Motion"), Dkt. 14.) For the reasons stated herein, I respectfully recommend that the Motion be granted, and that the Clerk of Court be directed to enter a judgment of default against Defendants in the sum of $702,266.75.

## BACKGROUND

Plaintiff brought this action to enforce collection of a debt of $702,266.75 pursuant to the FDCPA. (Compl. ¶ 1; Declaration of Edward K. Newman ("Newman Decl.") ¶ 2, Dkt. 14-1.) The debt is based upon Defendants' failure to pay penalties and associated costs assessed by the administrative law judge in an underlying HUD Office of Hearing and Appeals case. (Compl. ¶ 2;

1

Certificate of Indebtedness, Dkt. 14-2.)  As of the date of the Motion, Defendants have not paid any of the debt.  (Certificate of Indebtedness; *see* Compl. ¶ 54.)

Plaintiff filed the Complaint on March 30, 2023.  Plaintiff served each Defendant with the Summons and Complaint on April 14, 2024.[1]  (Dkts. 10, 11.)  Defendants failed to answer or otherwise appear.  Plaintiff requested Certificates of Default (Dkt. 12) and on June 12, 2023, the Clerk of Court entered Certificates of Default against both Defendants.  (Dkt. 13.)  On June 13, 2023, Plaintiff filed the Motion.  (Motion.)

## **DISCUSSION**

Federal Rule of Civil Procedure 55(b)(1) states:

> *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Local Civil Rule 55.2(a) imposes additional requirements for seeking an entry of default judgment by the Clerk of Court.  The plaintiff's request must "not include a request for attorney's fees or other substantive relief."  Local Civil Rule 55.2(a).  In addition, if the plaintiff seeks a default judgment as to all remaining defendants, the affidavit must state an amount due and owing "not exceeding the amount sought in the claim to which no response has been made, plus interest, if any, computed by the party, with credit for all payments received to date clearly set forth, and costs, if any, pursuant to 28 U.S.C. § 1920." *Id.*

Local Civil Rule 55.2(c) requires that "all papers submitted to the Court pursuant to Local Civil Rule 55.2(a) . . . shall simultaneously be mailed to the party against whom a default judgment is sought . . . Proof of such mailing shall be filed with the Court."

---

[1] Although the docket entries for the summonses returned executed indicate that Defendants were "served on 4/24/2023" (Docket Entries dated May 4, 2023), the corresponding affidavits of service state that Plaintiff served Defendants with the Summonses and Complaint on April 14, 2023. (Dkts. 10, 11.)

Here, each of these conditions has been met.  Plaintiff contemporaneously filed the Motion and mailed the Motion and all accompanying papers to Defendants on June 13, 2023 and filed proof of service on October 26, 2023.  (Newman Decl. ¶ 10; Letter Attaching Proof of Service at 1 (ECF pagination), Dkt. 15; Federal Express Proof of Delivery, Dkt. 15-1.)  Plaintiff's request for relief seeks a sum certain against Defendants in the amount of $702,266.75, which is the exact amount requested in the Complaint, and does not include a request for attorney's fees or any other substantive relief.  (Newman Decl. ¶¶ 2, 9; *see* Compl. ¶¶ 1, 53; Motion.)

In support of its request for a sum certain, Plaintiff has submitted a declaration showing the total amount due.  According to the Declaration of Edward K. Newman, counsel for Plaintiff, "Defendants are liable to the United States for a sum certain, in the total amount of $702,226.75." (Newman Decl. ¶ 8.)  Plaintiff has further supported that sum by filing a Certificate of Indebtedness from HUD Attorney-Advisor Zachary S. Ferguson, certifying that Defendants "are indebted to the United States in the amount . . . of $702,226.75."  (Certificate of Indebtedness.)  Moreover, Defendants, whom Plaintiff has affirmed are not infants, incompetent persons, or active military service members (Newman Decl. ¶ 6), defaulted by not appearing.  (Newman Decl. ¶ 5; Certificate of Default, Dkt. 13.)

Accordingly, the requirements of Fed. R. Civ. P. 55(b)(1) and Local Civil Rules 55.2(a) and (c) have been met.  Therefore, I respectfully recommend that the Motion be granted.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Motion be granted, and that the Clerk of Court be directed to enter a judgment of default against Defendants in the sum of $702,266.75.

Plaintiff is directed to serve this Report and Recommendation on Defendants and file proof of service on the docket by December 1, 2023.  Any objection to this Report must be filed in writing

with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
**PEGGY KUO**
**United States Magistrate Judge**

Dated: November 29, 2023
Brooklyn, New York